**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **BRANT TACKETT** | : | |
| **102 Township Road 1276** | : | Case No. 1:18-cv-229 |
| **South Point, OH 45680** | : | |
| | : | Judge: |
| Plaintiff, | : | |
| | : | |
| vs. | : | **Jury Demand Endorsed Herein** |
| | : | |
| **ARMSTRONG UTILITIES, INC** | : | |
| **C/O Corporation Service Company** | : | |
| **50 West Broad Street, Suite 1330** | : | |
| **Columbus, Ohio 43215** | : | |
| | : | |
| Defendant. | : | |

**COMPLAINT**

NOW COMES Plaintiff, Brant Tackett ("Plaintiff"), and proffers this Complaint for damages against Defendant, Armstrong Utilities, Inc. ("Defendant").

**JURISDICTION AND VENUE**

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, and the Ohio Revised Code.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to secure equitable and other relief.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio in Lawrence County, Ohio and performed his job duties there and Defendant is doing and has done substantial business in the Southern District of Ohio.

## THE PARTIES

4. Plaintiff is an individual, a United States citizen, and a resident of the state of Ohio. Plaintiff resides in Lawrence County, Ohio.

5. Upon information and belief, Defendant is a foreign corporation doing business in the Southern District of Ohio.

## FAIR LABOR STANDARDS ACT ("FLSA")

6. At all times relevant herein, Plaintiff was an employee of Defendant.

7. Defendant is an eligible employer, as defined by the FLSA.

8. At all times relevant herein, Plaintiff was a non-exempt, hourly employee and entitled to overtime pay for all hours worked over 40 hours per workweek.

9. At all times relevant herein, Defendant was engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

## FACTUAL BACKGROUND

10. Plaintiff began working for Defendant approximately in August of 2009, as a Premise Technician, at Armstrong, located at 9651 County Road 1, South Point, Ohio 45680.

11. Plaintiff's job duties included, but were not limited to, installing cable, internet, and television into customer's residences.

12. Based on his job duties, Plaintiff does not fall within an exemption to the FLSA. Therefore, Plaintiff is entitled to overtime pay for all hours worked over 40 hours per week and minimum wage for all hours worked under 40 hours per week.

13. Plaintiff was paid on an hourly basis and was making approximately $22.18 per hour at the time of his termination.

14. Plaintiff's normal work schedule was from 8:00 a.m. through 4:30 p.m. on Monday through Friday.

15. Plaintiff would arrive at 7:30 a.m. prior to his shift to perform work related tasks such as return equipment collected from the previous workday, obtain new equipment to install, resupply his work van with necessary supplies, and review the jobs he was assigned to receive.

16. Plaintiff had to perform this work prior to the shift because by the time he returned to Defendant's premises at the end of his shift, he was unable to return equipment and obtain new equipment because the employees who issued such equipment had already left for the day.

17. If Plaintiff did not do this work prior to his shift, he would have been consistently late to his scheduled appointments during the work day, as this work must be done prior to beginning his shift. Plaintiff needed these items to perform his scheduled jobs for each day.

18. Upon information and belief, Plaintiff was told not to clock in from 7:30 a.m. to 8:00 a.m.

19. Plaintiff continued to perform such work consistently from 7:30 a.m. to 8:00 a.m. each shift during the entirety of his employment and was never instructed to stop working during such time. Plaintiff had to do so in order to be ready for his scheduled shift. If he did not do so, he would have been disciplined for being late to his daily scheduled appointments.

20. Defendant knew Plaintiff was performing such work but did not pay him for his time.

21. Defendant made no attempts to prevent Plaintiff from performing such work.

22. On all occasions, Defendant failed to pay Plaintiff minimum and overtime wages for the work that Plaintiff performed from 7:30 a.m. to 8:00 a.m.

23. To track its employee's time, Defendant required Plaintiff, as well as all of its premise technicians, to use a time keeping application through their cell phones to clock in and out.

24. Employees were permitted to take a thirty-minute lunch to eat each day. Defendant required employees to clock out for their lunch and clock in upon completion of their lunch.

25. When the employees did clock out, the time keeping application would automatically deduct thirty minutes of time worked from those employees' reported work time for that day, regardless of the time the employee actually spent eating lunch.

26. When the employee timed back in, the application would only being tracking time after the full completion of the thirty minutes that was automatically deducted—regardless if the employee began work prior to the thirty minutes being complete.

27. Plaintiff, along with other Defendant employees, often would begin work prior to the completion of the full thirty-minute time deduction.

28. Plaintiff would typically eat a quick lunch, in between jobs, while he was on the road.

29. Upon information and belief, Plaintiff, along with other Defendant employees, made complaints to Defendant regarding the fact that the time keeping system automatically deducted thirty-minute lunches, regardless of the actual time the employee spent eating lunch.

30. Though Plaintiff was trained on how to edit his time keeping, Plaintiff was unaware that he was permitted to make edits to the time-keeping system during the lunch hour.

31. Despite employee complaints regarding the auto-deduct lunch policy, Defendant failed to take any corrective action.

32. As a result, Defendant failed to pay Plaintiff for minimum and overtime wages for the entirety of work that Plaintiff performed.

33. On September 25, 2017, Plaintiff was terminated.

34. When Plaintiff received his pay check for the pay period ending on September 23, 2017, Defendant had deducted 37 hours of pay without Plaintiff's written or oral permission.

35. Plaintiff never received pay for the eight hours worked during the pay period of October 7, 2017.

## COUNT I
### (FLSA: 29 U.S.C. § 201, et seq. Failure to Pay Overtime)

36. All of the preceding paragraphs are realleged as if fully rewritten herein.

37. This claim is brought pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 207, and § 216(b).

38. Defendant failed to pay Plaintiff at a rate not less than one and one-half times his regular rate at which he was employed for all time worked in excess of forty hours

per workweek as a result of failing to account for the time Plaintiff worked during the thirty minute automatic time deduction, as a result of failing to account for the time that Plaintiff worked pre-shift, and as a result of failing to pay for work performed during Plaintiff's final two pay periods.

39. Plaintiff's job duties, as described above and incorporated herein, did not qualify him for any exemption under the FLSA.

40. Plaintiff frequently worked more than 40 hours per workweek.

41. Defendant knew or should have known it was required to pay Plaintiff time-and-a-half for these additional hours, and failed to do so.

42. Defendant knowingly violated 29 U.S.C. §201, et seq. by failing to pay Plaintiff for the time he worked prior to his shifts, for the work Plaintiff performed during the thirty-minute automatic time deduction, and for the time that he worked on Plaintiff's final two pay periods.

43. As a direct and proximate result of Defendant's willful and intentional conduct, Plaintiff has suffered and continues to suffer damages in an amount not presently ascertainable. Accordingly, Plaintiff seeks liquidated damages, punitive damages, interest and attorneys' fees, and all other remedies available under 29 U.S.C. §201, et seq.

## COUNT II
### (O.R.C. § 4111 et seq. – Failure to Pay Overtime)

44. All of the preceding paragraphs are realleged as if fully rewritten herein.

45. This claim is brought pursuant to Ohio Law.

46. Defendant failed to pay Plaintiff, a non-exempt employee, overtime wages for all hours worked over 40 hours per workweek.

47. Defendant's repeated and knowing failure to pay overtime wages to

6

Plaintiff was, and continues to be, a violation of Chapter 4111 of the Ohio Revised Code.

48. For Defendant's violations of O.R.C. 4111, Plaintiff is entitled to recover unpaid wages, statutory damages, interest, attorneys' fees, and all other remedies available under Ohio law.

## COUNT III
### O.R.C. § 4113.15– Unpaid Wages

34. All of the preceding paragraphs are realleged as if fully rewritten herein.

35. Defendant violated Ohio's Prompt Pay Statute by failing to pay Plaintiff's wages.

36. Defendant failed to pay Plaintiff for the hours Plaintiff worked during the entirety of his employment with Defendant for the pre-shift work Plaintiff performed, for the work Plaintiff performed during the thirty-minute deduction from the time application, and for the work Plaintiff performed during Plaintiff's final two pay periods.

37. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages not presently ascertainable. In addition, Plaintiff seeks liquidated damages, interest and attorneys' fees, costs, and all other remedies available, as result of Defendant's conduct.

## COUNT IV
### O.R.C. § 4111.02 OMFWSA- Failure to Pay Minimum Wage

38. All of the preceding paragraphs are realleged as if fully rewritten herein.

39. This claim is brought pursuant to the Ohio Minimum Fair Wage Standards Act.

40. Section 4111.02 of the Ohio Revised Code requires an employer to pay its employees at a wage rate not less than the minimum wage rate set forth in the Ohio Constitution.

49. Plaintiff performed work for Defendant but was not paid for all work he performed while employed by Defendant, as a result of Defendant failing to account for the time Plaintiff worked during the thirty minute automatic time deduction, as a result of Defendant failing to account for the time that Plaintiff worked pre-shift, and as a result of Defendant failing to pay for work performed during Plaintiff's final two pay periods.

41. Defendant's failure to pay Plaintiff for such time worked resulted in Defendant failing to pay Plaintiff minimum wage.

42. The Defendant's knowing failure to pay minimum wage to Plaintiff was, and continues to be, a violation of the OMFWSA.

43. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages. In addition, Plaintiff seeks liquidated damages, interest and attorneys' fees, costs, and all other remedies available, as result of Defendant's willful failure and refusal to pay minimum wage.

## COUNT V
### FLSA – Failure to Pay Minimum Wage

44. All of the preceding paragraphs are realleged as if fully rewritten herein.

45. This claim is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*

46. At all times relevant herein, Plaintiff was employed by Defendant as a non-exempt, hourly employee.

47. Defendant refused to pay Plaintiff for hours he worked during the entirety of his employment with Defendant for the pre-shift work Plaintiff performed, for the work Plaintiff performed during the thirty-minute automatic deduction of the time application, and for the work Plaintiff performed during Plaintiff's final two pay periods.

48. Defendant was or should have been aware that it failed to pay Plaintiff minimum wage for each hour worked.

49. The Defendant's repeated and knowing failure to pay minimum wage to Plaintiff was a violation of the FLSA.

50. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages not presently ascertainable. In addition, Plaintiff seeks liquidated damages, interest and attorneys' fees, costs, and all other remedies available, as a result of Defendant's willful failure and refusal to pay minimum wage.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests damages in an amount not less than $75,000.00. Plaintiff is entitled to damages of unpaid overtime, liquidated damages, punitive damages, interest, costs of the litigation and attorney's fees, and such other or additional relief deemed appropriate by the Court.

Respectfully submitted,

/s/ Rachel A. Sabo, Esq.
Rachel A. Sabo (0089226)
(Rachel@TheFriedmannFirm.com)
Peter G. Friedmann (0089293)
(Pete@thefriedmannfirm.com)
The Friedmann Firm LLC
1457 S. High St.
Columbus, OH 43207
Telephone: (614) 610-9757

/s/ Adam L. Slone, Esq.
Adam L. Slone (0093440)
Slone@Saadlawoffice.com
250 W. Old Wilson Bridge Rd., Suite 270
Worthington, Ohio 43085
Telephone: (614) 987-7840

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ Rachel A. Sabo, Esq.
Rachel A. Sabo (0089226)